This decision was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                 **NO. 31,718**

**ISRAEL MARQUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Don Maddox, District Judge**

Templeman and Crutchfield
C. Barry Crutchfield
Lovington, New Mexico

for Appellant

Gary K. King, Attorney General
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

**DECISION**

**CHÁVEZ, Chief Justice.**

Defendant appeals his felony murder conviction, arguing that his pretrial plea of guilty to the predicate felony, followed by the post-conviction dismissal of the predicate felony by the court, requires the felony murder conviction to be set aside. We disagree and affirm the convictions.

Defendant was charged with first degree murder, conspiracy to commit first degree murder, attempted armed robbery, conspiracy to commit armed robbery, and tampering with evidence. These charges stemmed from an attempted armed robbery of an Allsup's Convenience Store which resulted in the death of the Allsup's clerk. Before trial began, Defendant sought to plead no contest to the attempted armed robbery count. However, the State argued against the no contest plea, contending that such a plea would prejudice the State and the presentation of its evidence at trial. As a result, Defendant changed his plea from no contest to guilty, knowing that the State intended to advise the jury of the plea. Immediately after accepting the plea, Defendant asked the district court to dismiss the felony murder count, since Defendant pled guilty to the predicate felony. The motion was denied and Defendant was found guilty by a jury of felony murder, conspiracy to commit armed robbery, and tampering with evidence.

While discussing the jury instructions, the district court asked how the State intended to inform the jury that Defendant committed the crime of attempted

armed robbery. *See* UJI 14-202 NMRA. The State responded that attempted armed robbery was no longer an issue, and therefore an abbreviated instruction on attempted armed robbery should be given. *See* UJI 14-2801 NMRA. Rather than instructing the jury that the State had to prove the elements of attempted armed robbery, the jury was instructed that (1) Defendant intended to commit the crime of armed robbery, (2) Defendant started to do an act that constituted a substantial part of the armed robbery, but failed to commit the armed robbery, and (3) this occurred in New Mexico on or about November 5, 2007. Both parties agreed that this instruction would best serve the purpose of informing the jury that Defendant attempted to commit armed robbery. Defendant was found guilty by the jury. After the verdict was reported, the State immediately moved to vacate the attempted armed robbery charge. Defendant agreed, and stated "we believe that has to be dismissed with prejudice under [the] circumstance[s]." The charge was dismissed with prejudice. Defendant then filed a motion to set aside the felony murder conviction, arguing that attempted armed robbery was the predicate felony for the felony murder charge, and when the armed robbery charge was dismissed, there was no longer a predicate felony to support the felony murder charge. The district court denied this motion and Defendant was sentenced to life plus five and one-half years. Defendant appeals directly to this Court the denial of his motion to set aside the felony murder verdict. *See* N.M. Const. art. VI, § 2; Rule 12-

102(A)(1) NMRA (direct appeal to Supreme Court where sentence of death or life imprisonment has been imposed).

**DISMISSAL OF PREDICATE FELONY DOES NOT REQUIRE DISMISSAL OF THE FELONY MURDER CONVICTION**

Defendant argues that dismissal of the predicate felony mandates dismissal of the felony murder conviction, since there is no longer a predicate felony to support the felony murder conviction. We review the district court decision de novo, since Defendant concedes that "[a]ny analysis of the evidence offered by the State reflects clear evidence of the killing of Virginia Land by [Defendant]." *Jicarilla Apache Nation v. Rodarte*, 2004-NMSC-035, ¶ 24, 136 N.M. 630, 103 P.3d 554 ("[T]he facts are not in dispute. Instead, the parties disagree about the legal conclusion to draw from those facts. Thus, we are faced with a pure question of law, which we review de novo."); *see also State v. Mondragon*, 2008-NMCA-157, ¶ 6, 145 N.M. 574, 203 P.3d 105 ("[W]e review de novo the denial of the motion to dismiss.").

To support his argument that the felony murder conviction must be set aside, Defendant cites *State v. DeSantos*, 89 N.M. 458, 553 P.2d 1265 (1976) for the proposition that dismissing the predicate felony post-conviction is similar to having insufficient evidence on the predicate felony. In *DeSantos*, we held that the instruction on felony murder was erroneously given because there was insufficient evidence to support the predicate felony of rape. 89 N.M. at 461, 462, 553 P.2d at

3

1268, 1269. Without evidence to support a predicate felony, it was inappropriate to instruct on felony murder. *Id.* at 461, 553 P.2d at 1268. In this case, there was evidence to support the predicate felony of attempted armed robbery. Defendant pled guilty to the charge and agreed to instruct the jury that he had committed the offense. *State v. Garcia*, 1996-NMSC-013, 121 N.M. 544, 548, 915 P.2d 300, 304 ("When a defendant pleads guilty, he is admitting to all the elements of a formal criminal charge." (internal quotation marks and citation omitted)). There simply is no legitimate question about the sufficiency of the evidence to support the predicate felony.

As an alternative argument, Defendant contends that "had the State sought to vacate the predicate offense for reasons of double jeopardy issues, a totally different matter would be presented." We see no reason to draw a distinction between the State requesting that the predicate felony be vacated without stating a specific reason versus asking that the predicate felony be dismissed specifically to avoid violating the constitutional prohibition against double jeopardy. The fundamental question is whether the district court erred in refusing to set aside the felony murder conviction after dismissing the predicate felony. We hold that it did not err.

A defendant simply cannot be convicted for both felony murder and the predicate felony. *See State v. Frazier*, 2007-NMSC-032, ¶ 1, 142 N.M. 120, 164

P.3d 1 ("the predicate felony is always subsumed into a felony murder conviction, and no defendant can be convicted of both."); *State v. Bernal*, 2006-NMSC-050, ¶ 10, 140 N.M. 644, 146 P.3d 289; *State v. Contreras*, 120 N.M. 486, 492, 903 P.2d 228, 234 (1995). Under our current double jeopardy law as it relates to felony murder, the district court was obligated to dismiss the predicate felony charge when Defendant was convicted of felony murder. *See Bernal*, 2006-NMSC-050, ¶ 10 ("If the predicate felony and felony murder are unitary, then the predicate felony *must* be dismissed because it is subsumed within the elements of felony murder." (emphasis added)); *Contreras*, 120 N.M. at 492, 903 P.2d at 234 ("[A]llowing the conviction to stand or allowing sentencing on that conviction would impose multiple punishments in violation of the Double Jeopardy Clause."). The district court was correct in dismissing the predicate felony and in declining to dismiss the felony murder count. Accordingly, we affirm Defendant's conviction and sentence for felony murder.

**IT IS SO ORDERED.**

_____
**EDWARD L. CHÁVEZ, Chief Justice**

**WE CONCUR:**

5

_____

**PATRICIO M. SERNA, Justice**

_____

**PETRA JIMENEZ MAES, Justice**

_____

**RICHARD C. BOSSON, Justice**

_____

**CHARLES W. DANIELS, Justice**

6